## KEVER v. PHILADELPHIA & READING COAL & IRON CO.

(District Court, E. D. Pennsylvania.    July 14, 1921.)

### No. 8368.

Action ☞45 (3)—Statement of claim for negligence held sufficient.

The statement of claim in an action based on negligent injury *held* not insufficient because of allegations that the acts or omissions of defendant constituted actionable negligence at common law and also under state statutes.

At Law. Action by Katherine Kever against the Philadelphia & Reading Coal & Iron Company. On motion to strike from record plaintiff's statement of claim. Denied.

See, also, 241 Fed. 883.

Julian A. Pilgram, of Pottsville, Pa., and John C. Oldmixon and Frank F. Davis, both of New York City, for plaintiff.

William Clarke Mason, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. Whatever may be said of the form of this motion, it is in effect a challenge of the plaintiff's cause of action, or more particularly a denial of the right of the plaintiff to pursue her claim as she has set it forth. In every inquiry, juridical or otherwise, two elements are ever-present and should be kept distinct. One is substance; the other, form. The more the inquiry partakes of what is called the "scientific method," the more emphasis is placed upon form. What is commonly termed an informal inquiry directs itself to substance. There is always danger that the more orderly investigation will be diverted wholly to matters of form. This is popularly supposed to be the vice of legal proceedings. The criticism may be well or ill founded. The logical mind is perturbed because it feels its attention

diverted by an ill-ordered statement, out of which it must extract the question presented, and there is justification for asking that the statement be recast, so that the question arising may be disclosed. On the other hand, it is easy to descend into mere carping criticism, which is directed to the merest formalities.

The vice in the statement of a cause of action often subsists in the failure to distinguish between ultimate facts and those which are merely evidential, and the failure to confine the statement to the former, except so far as the latter may be called for to put the defendant on notice. The latter then really serves the purpose of a bill of particulars rather than forms part of the statement of the cause of action. The present case affords us a good illustration of the truth of this observation. The basis in one sense of the cause of action is the averred negligence of the defendant. Expressed in another way, it is the damage suffered by the plaintiff, which is asserted to be a legal injury, because due to the negligence of the defendant. Such a statement sets forth a legal cause of action. In what is this negligence averred to consist? This the defendant has the right to know. Such averments are in an essential sense averments of evidential facts. If, for illustration, the statement of the particular fact disclosed the negligent act to have been that of a fellow servant, in some jurisdictions this would constitute no good legal cause of action. It would be so under the common law of Pennsylvania. If, however, a statute provided that one who at common law would be a fellow servant became a vice principal, if the employment was that of mining, then the inclusion of this added statement would disclose a good cause of action.

To extend the illustration somewhat, a statement of claim might base the right of recovery upon the obligation of duty on the part of an employer to exercise due care to provide the employee with a reasonably safe place in which to work. This principle has its limitations, and the particular facts might not subject the employer to the consequences of negligence, as negligence would be defined at common law. A statute, however, might set up an artificial standard of negligence, in the absence of required safety appliances or guards to dangerous machines. A statement of claim which based the plaintiff's right of recovery upon negligence at common law, and because of disobedience to the commands of each of these statutes, would not be setting up three separate, in the sense of different, independent, and inconsistent, causes of action. At the most, it would be setting up one and the same cause of action by a declaration in three counts. What the statement really would be is the statement of a cause of action based upon the negligence of the defendant, with notice that the plaintiff would offer evidence of negligence at common law and under each of the quoted statutes.

If the same question now sought to be raised were raised at the trial, in the form of a complaint of the absence of these particular facts, it could be raised only as a question of evidence, and would be determined by the finding of whether the defendant had been given sufficient notice

to warn it of what was to be combatted. The present motion is based upon the thought that the statement of claim is open to the objection of what would have been multiplicity in a bill of complaint before the adoption of the new Equity Rules. We do not so read the statement of claim. There is but one cause of action.

There is no conflict in this with the ruling in Stoker v. Phila. & R. R. Co., 254 Pa. 494, 99 Atl. 28. There the plaintiff had averred two separate and distinct causes of action, involving the question of the jurisdiction of the court. One was a cause of action existing at common law, of which the court had jurisdiction under the law of the state. The other was a cause of action arising wholly out of an act of Congress, the right to assert jurisdiction over which was given by Congress to the state courts concurrently with the courts of the United States. Here the cause of action is one and the same. It is based upon actionable negligence, with notice that evidence would be offered to show such negligence as defined at common law, or under one or the other of the cited statutes, or, indeed, as negligence under every one of these definitions.

Without further amplification of the thought in following which the motion is denied, we dismiss it, with leave to defendant to answer over.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes