## Stiles *v.* Cambria Steel Co., Appellant.

*Negligence—Railroads—Injury to employee of independent contractor—Evidence.*

Where an independent contractor removes a permanent bumper and constructs a temporary one of ties, and an engine operated by a steel company owning the tracks, strikes the bumper, and the ties fall upon and injure an employee of the contractor, such employee is not entitled to recover from the steel company, where there is no evidence that defendant participated in or gave its permission for the building of the temporary bumper, and there is no evidence that the engine was operated negligently, wantonly or wilfully.

Argued February 1, 1922. Appeal, No. 135, Oct. T., 1921, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1918, No. 309, on verdict for plaintiff, in case of John W. Stiles v. Cambria Steel Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before REED, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,000.  Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting the record.

*J. C. Davies,* with him *Francis A. Dunn,* for appellant.

*John H. Stephens,* with him *Walter E. Glass,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 6, 1922:

Defendant appeals from a judgment, entered on a verdict for plaintiff, in an action of trespass to recover damages for personal injuries.

Plaintiff was an employee of Gall & Company, contractors engaged in construction work for the Pennsylvania Railroad Company, adjacent to the plant of defendant.  To accomplish the work, Gall & Company, for purposes of their own, about ten days prior to the accident to plaintiff, removed some of the rails on defendant's narrow-gauge plant track, located on land belonging to it, adjoining the railroad, and, at the same time, removed a permanent bumping block, at the end of this track, substituting therefor ties on the track, piled on top of each other, and deemed, by the person in charge of the work for Gall & Company, adequate and sufficient to serve the purpose formerly filled by the bumper.

On the day of the accident, plaintiff was working near the end of this narrow-gauge track and the ties, when a "dinkey" engine, operating on the track, struck the ties, knocked them against plaintiff, who was standing with his back to the engine, and he received the injuries which led to this suit.

It is difficult to conclude on what theory the trial judge determined defendant's liability.  He submitted to the jury the question whether plaintiff's injuries were

due to the wanton or wilful act of defendant's employees, but the difficulty with this is there was no wilful or wanton act shown. There was not even a scintilla of evidence from which a reckless or utter disregard of the rights of others in operating the engine might be inferred. Though plaintiff was on defendant's ground by sufferance or license, there is no evidence to show negligence. The only duty that defendant owed him was to abstain from inflicting on him an intentional, wanton or wilful injury: Schiffer v. Sauer Co., 238 Pa. 550; Hagan v. Delaware River Steel Co., 240 Pa. 222. Defendant had the right to operate the engine and cars on its own track. Plaintiff was engaged at the end of the track in work for his employer, Gall & Company, who were in no way connected with this defendant, but were constructing improvements to the station and railroad of the Pennsylvania Railroad Company. So far as the record shows, the removal of the permanent bumper was not even with the permission of defendant, but whether it was or not, it was taken away by Gall & Company, and what they substituted in place of it was deemed by their agent in charge of the work adequate to keep the engine and cars of defendant from running off the end of the track. The bumper which defendant had erected was entirely safe; what was substituted by Gall & Company to aid in the convenience of their undertaking, as it turned out, was not; but for this appellant was not responsible,—it had not made the change.

But there is no evidence in the case to show defendant knew, or had any reason to believe the new bumper was not sufficient for its purpose. The engine when it struck the tires was running up grade. One witness testified it had stalled on the way up the grade, and had to back in order to start over again; three witnesses were of opinion it was running faster than usual; none said it was traveling at an undue rate of speed, considering the use of the engine, the siding and the bumper. Those who said they thought the engine was running

faster than usual based their judgment on the sound of the exhaust, but admittedly, the noise of the exhaust, which gave the impression of fast traveling, may have been due to the fact that the engine was hauling a heavier load than customarily. The only circumstance to show a lack of even ordinary care, grows out of the fact that the engine struck the bumper, not that it struck a severe blow, or that the striking was the result of any negligence. For anything that appears, the displacement of the ties which caused plaintiff's injury may have been due to their rearrangement a short time prior to the engine's hitting them.

The only evidence which can be educed from the facts as they are shown by the record, is the negligence of Gall & Company, in the way in which the temporary bumper was arranged, or of some undisclosed person in rearranging it shortly before the collision; nothing whatever is apparent which fixes defendant with liability. It matters not how the duty of defendant toward plaintiff be viewed—whether as that owed to a licensee, or that which is always due toward an ordinary person on the land by sufferance, the result is the same, and the court below erred in submitting the case to the jury, no negligence of defendant being shown.

The judgment is reversed and is here entered for the defendant non obstante veredicto.