## Neal *v.* Buffalo, Rochester & Pittsburgh Ry. Co., Appellant.

*Negligence—Railroads—Going on tracks—Testing danger—Contributory negligence—Presumption—Physical conditions*

1. It is the duty of one working around railroad tracks to look out for his own safety, and no recovery can be had for an injury sustained while voluntarily taking a chance or testing danger.

2. The presumption of due care on the part of a person killed on a railroad track, cannot prevail in the face of physical conditions to the contrary disclosed by the evidence.

3. Where the undisputed evidence on the part of plaintiff in an accident case shows contributory negligence, the case must be withdrawn from the jury.

4. In an action against a railroad company for death, no recovery can be had, where it appears that the deceased, an experienced railroad man, employed by a company having a plant and siding on the railroad company's property, went on the siding to detach a steampipe from a standing car, that he knew a coupling was about to be made, but in spite of such knowledge stepped on the track behind a car, and was immediately crushed between cars, and that there was no defect in the appliances or want of care shown in the manner of their use.

5. In such case it was the duty of the deceased to ascertain in which direction the standing car was about to be moved before stepping behind it.

Argued March 21, 1927. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 28, March T., 1927, by defendant, from judgment of C. P. Indiana Co., June T., 1925, No. 356, on verdict for plaintiff, in case of Veda Neal v. Buffalo, Rochester & Pittsburgh Railway Co. Reversed.

Trespass for death of plaintiff's husband. Before LANGHAM, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $12,795. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Charles J. Margiotti,* with him *John A. Scott* and *John G. Whitmore,* for appellant.—There was no duty devolving on defendant to furnish deceased a safe place in which to work, such as is owed by an employer to an employee. It is well settled that a licensee or one who is on the premises of another merely by sufferance or permission is classed, as respects injuries he may receive thereon, as a trespasser without recourse against

the owner unless the injuries were wantonly or intentionally inflicted: Gillis v. R. R., 59 Pa. 129; Weaver v. Steel Co., 223 Pa. 238; Hagan v. Steel Co., 240 Pa. 222; Thompson v. R. R., 218 Pa. 444; Ortlieb v. Poth, 249 Pa. 270; Hotchkin v. Erdrich, 214 Pa. 460; Bailey v. R. R., 220 Pa. 516; Buckley v. R. R., 275 Pa. 360; Bardis v. Ry., 267 Pa. 352; Van Zandt v. Ry., 248 Pa. 276; Raftery v. Ry., 284 Pa. 555; Looney v. Ry., 200 U. S. 480.

Where a person is killed while crossing or walking on the tracks of a railroad at a point where his work does not require him to be, the fact that the railroad company is negligent in not giving a signal, or in running its engine backward, does not relieve deceased from using proper care to protect himself: Cubitt v. R. R., 278 Pa. 366; Bardis v. Ry., 267 Pa. 352; Zotter v. R. R., 280 Pa. 14; Spring v. Davis, 273 Pa. 389; Hoke v. Edison L. & P. Co., 284 Pa. 112.

*George J. Feit,* of *Peelor & Feit,* with him *Wallace C. Chapman,* for appellee.—The railroad company owed a duty to use ordinary care in the operation of its shifting trains to protect workmen employed on its premises: Nadazny v. R. R., 266 Pa. 306.

The presumption is that decedent did his duty, which required that he stop, look and listen before attempting to cross the tracks of defendant company: Schmidt v. Ry., 244 Pa. 207; Mills v. R. R., 284 Pa. 605; Di Iordio v. R. R., 270 Pa. 111; Bard v. Ry., 199 Pa. 94; Rauch v. Smedley, 208 Pa. 175; Murphy v. Transit Co., 285 Pa. 399; Devlin v. Light Co., 192 Pa. 188.

The question whether due care has or has not been taken, except in cases where all the material facts and the reasonable inferences to be drawn therefrom clearly demonstrate contributory negligence, is always an issue for the jury to determine: Young v. P. R. T. Co., 248 Pa. 174.

OPINION BY MR. JUSTICE WALLING, April 18, 1927:

The track of the defendant railway company, extending through the Borough of Indiana in a northerly and southerly direction, is crossed near the passenger station by Philadelphia Street and further north by Water Street. A spur track, or siding, leaving the main line on the east side and north of the last named street, extends southerly in a widening curve ending near Philadelphia Street. In the spring of 1924 this siding was used by the Columbus Asphalt Company, which located a plant on defendant's property, where it received and prepared road material. On May 21st it had a tank car of asphalt standing on the siding near Philadelphia Street. The contents of this car was heated by steam conveyed there by a pipe temporarily attached to the car. To prevent other cars on the track from striking it, which might cause an explosion, or other accident, a red flag was hung on the north end of the car and a railroad tie, or other like timber, about ten inches square, was placed across the track some six feet north of the tank car and chained to the rails. About the same distance to the north stood a sand car that had just been emptied by the asphalt company's steam shovel, which stood opposite on the west side of the track. Two cars of crushed stone, coupled together, stood a short distance north of the sand car. Further on a driveway crossed the track beyond which, some fifty feet north of the cars of stone, stood another tank car of asphalt kept heated by a steam pipe extending along the track from the first tank car.

J. Clair Neal, the deceased, was employed by the asphalt company as fireman for the steam shovel and occasionally did other work around the plant. That the cars of stone might be conveniently unloaded, it was necessary to remove the empty sand car, which the asphalt company requested the defendant to do. To take it out, those to the north, including the second tank car, must be moved. Neal, as was his duty, went

to the last named car and detached the steam pipe there-from, at which time a shifting engine, with perhaps some cars attached, backed in on the siding, coupled up with the tank car just mentioned, and with the stone cars and, on the second attempt, with the sand car. By the impact the latter was pushed back against the chained timber so as to move it about eighteen inches and force the car wheels upon it. Just as Neal, who had walked south along the east side of the siding, attempted to step over the track at the north end of the first named tank car, where the asphalt company permitted its employees to cross, the second contact was made with the sand car and as it was driven on the timber, as above stated, he was caught and fatally crushed between the bumpers of the tank and sand cars, each of which, extended out some eighteen inches from the body of the car. This suit, brought by Neal's widow, was submitted to the jury, who found for the plaintiff; from judgment entered on the verdict, defendant has appealed.

The judgment cannot be sustained. The happening of the accident did not prove negligence (Raftery, Admr., v. Pgh. & West Va. Ry., 284 Pa. 555) and nothing else was shown. Plaintiff failed to meet the necessary burden of proof. In the language of Mr. Justice KEPHART, speaking for the court, in Bardis v. Phila. & Reading Ry., 267 Pa. 352, 355: "A jury cannot be permitted to find anything negligent which is less than the failure to discharge a legal duty"; for recovery can rest only on such failure: Looney v. Metropolitan Railroad Co., 200 U. S. 480. It does not appear that the members of the train crew did anything out of the ordinary or that they should not have done. They had no knowledge that any one crossed the track at this point, and, hence, were not required to give warning. The case is not like Van Zandt v. Phila., B. & W. R. R. Co., 248 Pa. 276, where the injured party's presence at the place of accident was known to those in charge of the train; while here

it was not, and in that case a different rule prevails. See Stokers v. Phila. & R. Ry. Co., 254 Pa. 494; Barrage v. Phila. & Reading Ry. Co., 60 Pa. Superior Ct. 66.

Furthermore, Neal knew they were in there to take out the sand car; he also knew the cars were moving for he walked beside them. No one knew he was about to step between the cars and no warning could have given him information he did not possess. One witness said the cars moved as rapidly as a man could walk and another that they were going pretty fast; but that they moved with undue speed or in an unusual manner was not shown. They did not touch or harm the tank car, on which was the red flag. The suggestion that they might have done so but for Neal's body, is untenable. Such slight obstruction would not affect the movement of a train, weighing possibly a hundred tons or more. It started when the engine started and stopped when it stopped. We do not treat Neal as a trespasser or mere licensee, but as one lawfully on the premises, to whom the defendant owed the duty of reasonable care: Nadazny v. Phila. & R. Ry Co., 266 Pa. 305. The pinch of the case is the entire lack of proof of failure to exercise such care. There was no defect in any of defendant's appliances or want of care in the manner of their use. It was necessary to use sufficient force to effect the coupling; that more was used does not appear.

Moreover, it was broad daylight. Neal, a railroad man of six years' experience, thoroughly familiar with the situation, knowing that a coupling was being made with the sand car, although possibly not realizing that the first contact had failed, stepped between the cars and was instantly caught. He could have waited a moment, at least until sure the coupling had been made, or until the train had started forward, or could have walked around by Philadelphia Street. He did none of these things, but rashly stepped between the cars at a time of danger and thereby assumed the risk. He

had no assurance that the sand car would not be driven back against the bumper, which the asphalt company had chained to the rails, but probably depended upon its sufficiency: that it failed was not the defendant's fault. It had nothing to do with the erection of the bumper across the track and was not responsible for its condition or sufficiency: Stiles v. Cambria Steel Co., 273 Pa. 224. In Biddle v. Phila., B. & W. R. R. Co., 253 Pa. 299, we held it was the duty of one walking on a railroad track to ascertain upon which track a train was approaching; so here it was Neal's duty to ascertain in which direction the car was about to be moved, before stepping behind it; and see Bardis v. Phila. & Reading Ry. Co., supra. Neal's own words, spoken immediately after the accident, viz., "Boys, never do this. I ought to have known better," very likely had reference to his unwarranted faith in the bumper or to his possible assumption that the sand car had been coupled by the first contact. We do not, however, turn this branch of the case upon his statement (Van v. Richmond et al., 259 Pa. 300), but upon the uncontradicted evidence, which is plain and leads to but one conclusion; therefore the court must draw it: Hoke v. Edison Light & Power Co., 284 Pa. 112; Wolf v. Phila. Rapid Transit Co., 252 Pa. 448. Neal's statement, however, does show he voluntarily placed himself between the cars. It is the duty of one working around railroad tracks to look out for his own safety (Sweatman v. Penna. R. R. Co., 264 Pa. 286) and no recovery can be had for an injury sustained while voluntarily taking a chance or testing a danger: Radziemenski v. Balto. & Ohio R. R. Co., 283 Pa. 182. The presumption of due care on part of the deceased cannot prevail in the face of the physical conditions to the contrary disclosed by the evidence on both sides. This question is fully discussed and the authorities cited in the opinion of this court by Mr. Justice SADLER, in Grimes v. The Pennsylvania Railroad Co., 289 Pa. 320, filed at this term. Where the undis-

puted evidence on part of plaintiff shows contributory negligence the case must be withdrawn from the jury: Quinn v. Philadelphia Rapid Transit Co., 224 Pa. 162. It is not necessary to pass upon other alleged errors.

The judgment is reversed and is here entered for the defendant n. o. v.