## Commonwealth v. Boarts

*Chester Byerly* and *W. P. Geary*, for appellant.

*H. Ray Pope, Jr.*, for Secretary of Revenue.

LONG, P. J., fifty-fourth judicial district, specially presiding, December 20, 1949.—James Boarts has appealed from the order of the Secretary of Revenue suspending his privilege to operate a motor vehicle. The facts averred in the petition, which are not denied, are: That appellant is the holder of Pennsylvania motor vehicle license for the year 1949; that after hearing by

the Department of Revenue his license was suspended by the Secretary of Revenue for a period of three months from August 11, 1949; the reason for withdrawal is that appellant was guilty of "reckless driving".

By virtue of article VI, sec. 616, of The Vehicle Code of May 1, 1929, P. L. 905, and the Act of June 27, 1939, P. L. 1135, sec. 10, 75 PS §193, a petition was filed in this court by appellant on August 24, 1949, praying for a hearing upon 30 days' written notice to the Secretary of Revenue, whereupon the court made an order allowing the prayer of the petitioner and fixed no date as the time for hearing, but directed that the appeal should operate as a supersedeas.

The Secretary of Revenue having received more than thirty days' notice of the date fixed, the matter came on for hearing and plaintiff, the Secretary of Revenue, appeared through counsel and offered two witnesses, one of whom was a member of the Pennsylvania State police. Appellant was present with his witnesses and counsel.

Section 615 of The Vehicle Code of May 1, 1929, as amended by the Act of 1939, P. L. 1135, sec. 9, 75 PS §192, provides:

"(b) The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative, . . . whenever the secretary finds upon sufficient evidence:

"2. That such person has committed any violation of the motor vehicle laws of this Commonwealth."

Upon an appeal from a suspension or revocation of an operating privilege, the court, under The Vehicle Code, sec. 616, is required "thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license. . . ." (75 PS §193).

The Act of May 1, 1929, P. L. 905, sec. 1001, as amended, 75 PS §481, provides:

"RECKLESS DRIVING. Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

The power conferred upon the Secretary of Revenue to revoke or suspend operating privileges is an administrative and not a judicial function: Commonwealth v. Funk, 323 Pa. 390; Commonwealth v. Cronin, 336 Pa. 469.

The testimony of James Boarts, called by the Department of Revenue as if under cross-examination, was to the effect that he is aged 20 years; that on February 26, 1949, he was the holder of a Pennsylvania motor vehicle operator's license and at about the hour of 1:15 a.m. was operating a motor vehicle on State Highway Route 36 east of Leeper, proceeding west; that his motor vehicle crossed over the left lane of the highway and struck the guard post on the left side of the highway; that to the best of his knowledge his brakes and lights were operating and that he was proceeding down grade.

Herman R. Ziegler, a Pennsylvania State police officer, was called and testified that he investigated an accident on February 26, 1949, and found "that approximately six miles East of Leeper . . . a car . . . had run off of the highway. It was down over a small bank; the right side was up against a tree. It had struck three guard posts with the left side of the car, then struck the tree with the right side. The car was badly damaged setting up against this tree. It was later learned that the operator of the car was James Boarts . . . who was in the hospital; that it travelled about 20 feet after it struck the guard post."

Counsel for appellant then moved the court to sustain the appeal and reverse the action of the Secretary of Revenue for having failed to make out a case of reckless driving against appellant. The court refused the motion without prejudice. Defendant offered no testimony.

Does the testimony warrant the court in determining that appellant's license should be suspended on the ground that he violated the statute defining "reckless driving"?

The statute is plain. It provides that:

"(a) Any person who drives any vehicle . . . upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property. . . ."

It has long been a rule of law that the mere happening of an accident, alone, is insufficient to place on defendant the burden of accounting for the accident: Simpson et ux. v. Jones, 284 Pa. 596. The skidding of an automobile does not, of itself, constitute negligence and it is incumbent on plaintiff to prove that the skidding resulted from the negligent act of defendant: Hatch et al. v. Robinson, 99 Pa. Superior Ct. 141; Master, Admx., v. Goldstein's Fruit & Produce, Inc., et al., 344 Pa. 1. In Neal v. Buffalo, Rochester & Pittsburgh Ry. Co., 289 Pa. 313, the court said:

"The happening of the accident did not prove negligence. . . . 'A jury cannot be permitted to find anything negligent which is less than the failure to discharge a legal duty'; for recovery can rest only on such failure."

The learned counsel for the Department of Revenue contends that the accident is unexplained; that it was the duty of the operator of the automobile to divulge what transpired at and immediately before the car left the highway. In Swalina et al. v. Pisalski, 129 Pa. Superior Ct. 51, the court said:

18

"Where an automobile, which is being driven on a dry road in daylight, or on a clear moonlight night, without congestion of traffic, suddenly swerves from the road and runs into a pole alongside the road, the occurrence is so unusual and out of the normal as to call for an explanation from the driver; and in the absence of a satisfactory explanation the jury may infer that the accident arose from a want of due care." There, there was sufficient evidence to warrant a finding of negligence on the part of the operator.

The general rule is that when the thing which causes the injury is shown to be under the management of defendant and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the operator of the motor vehicle that the accident arose from a want of care. See Morgan, Admx., v. Peters, 148 Pa. Superior Ct. 88, and cases cited therein.

In the instant case we are in the dark. We are not permitted to guess what transpired. There is no evidence concerning the condition of the highway, whether it was dry, wet or icy. We do not know whether traffic was heavy or light or whether fog existed. Nothing has been developed concerning the physical or mental condition of the operator at and immediately before the accident; neither do we know anything about the physical condition of his automobile, except that to the best of his knowledge his brakes and lights were operating and he was proceeding down grade. We doubt seriously if the facts are sufficient to show a lack of due care on the part of the operator. Reckless driving means more than the mere lack of due care under the circumstances. Unquestionably, it means that plaintiff must, in addition to proving lack of care or negligent operation of the vehicle, establish the additional element of wilful or wanton

disregard of the rights and safety of others. Here plaintiff has wholly failed to meet that burden. See Commonwealth v. Shriver, 35 D. & C. 1; Commonwealth v. Moyer, 26 Erie 325; Commonwealth v. Gill, 120 Pa. Superior Ct. 22.

From the fair weight of the testimony, we make the following

### Order

And now, December 20, 1949, the matter having come on for hearing after 30 days' written notice to the Secretary of Revenue, testimony having been taken on September 30, 1949, and transcript of testimony having been delivered to the court on December 16, 1949, the court, after having examined into the facts of the case for the purpose of determining whether appellant is subject to suspension of his operator's license under the provisions of the act of assembly, and having determined that the suspension of appellant's privilege to operate his motor vehicle was without authority of law, hereby directs the Secretary of Revenue to reinstate the operator's license to James Boarts. Appellant shall pay the record costs due the prothonotary.