Paul **SEDLOCK**

v.

**MIDCO COMPANY HOTELS CORPORATION**, Appellant.

No. 17898.

United States Court of Appeals, Third Circuit.

Argued Jan. 9, 1970.

Decided Feb. 19, 1970.

D. H. Trushel, Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for appellant.

Hymen Schlesinger, Pittsburgh, Pa., for appellee.

Before BIGGS, VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

This appeal is from a verdict awarding damages for personal injuries sustained in a fall in appellant's hotel. Plaintiff-appellee, a workman for a hotel service contractor, alleged that his fall was caused by appellant's failure to maintain the hotel pantry floor in a reasonably safe condition. Appellant seeks judgment n. o. v. on the theory that since plaintiff had notice of the floor's condition, he was contributorily negligent as a matter of law. Alternatively, it asks for a new trial, alleging errors in the reception of evidence on damages.

■ In support of its motion for judgment n. o. v., appellant relies on Section 343A of the Restatement of Torts 2d, which provides that "a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them." [1] Appellant contends that plaintiff knew or should have known that a greasy condition had existed in the pantry for some time. This argument overlooks the fact that plaintiff's duties of employment—removing drums of grease from the kitchen—required him to cross the pantry floor, regardless of his knowledge of its condition. Section 343A of the Restatement expressly provides that the possessor will not be relieved of liability "if the possessor should anticipate the harm despite such knowledge or obviousness." [2]

---

[1]. This diversity suit is governed by the law of Pennsylvania. It is appellant's position that Section 343A is expressive of "a long line of cases handed down by the appellate courts of this Commonwealth." The appellee does not challenge the assertion. And although we have been unable to find any Pennsylvania appellate decision expressly adopting Section 343A, we agree that the reported decisions in this area are substantially in accord with the Restatement. For example, the Reporter's Notes to Section 343A in the 1966 Appendix to the Restatement list several Pennsylvania cases as the bases for the illustrations contained therein.

[2]. There is a striking similarity between the facts of this case and those portrayed in Illustration 5 of Comment f in Section 343A which reads:

A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forego her employment. A is subject to liability to C.

See also Morris v. A & P Tea Co., 384 Pa. 464, 121 A.2d 135 (1965), which is cited in the 1966 Reporter's Notes as illustrative of Illustration 5.

**1350**

Moreover, the court charged the jury that if "[t]he Defendant would have reasonably expected the Plaintiff to discover the grease on the floor and to realize the danger, the Defendant is not * * * liable." Accordingly, we cannot say that it was error to frame a jury question on this issue.

Moving to the errors alleged in the reception of evidence on damages, we find no merit to appellant's contention that a new trial is required because of the failure of the court to charge the jury that a hospitalization incurred by the plaintiff during trial was not connected with the injury and therefore should be disregarded. Although the court did not so instruct during its formal charge, it did state earlier: "I don't think that it [the temporary hospitalization] makes any material difference in the case at all." We find that this statement constituted, in the context of the trial, sufficient notification to the jury of the import of the suggested instruction.

Finally, appellant argues that it was reversible error for the court to have permitted a plaintiff medical expert to express an opinion based on an examination of hospital records not admitted into evidence. It contends that since timely objection to the introduction of the records had been sustained, the expression of a medical opinion based on matters not in the trial record was improper and constituted trial error. We agree that the appellant's point is technically correct. We disagree that it was sufficiently prejudicial to require a new trial. A review of the testimony of two of the three physicians called by appellant indicates that each had also examined these records prior to forming expert opinions later expressed in court. Having had the advantage of such testimony, appellant cannot be heard to say it was prejudiced by the court's reception of plaintiff's expert testimony based on the same, albeit unadmitted, hospital records. See F.R.Civ.P. 61.

The judgment of the district court will be affirmed.