**Zelma CHLEBOWSKI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 81–265.

United States District Court, W. D. Pennsylvania.

Oct. 14, 1982.

Francis J. Carey, Pittsburgh, Pa., for plaintiff.

J. Alan Johnson, U. S. Atty., Barbara Davis, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

Plaintiff brings this personal injury action claiming damages for injuries sustained in a fall on the sidewalk outside the United States Post Office in Scottdale, Pennsylvania. Defendant, United States, has filed a motion for summary judgment as a matter of law and on the basis of allegedly undisputed facts of record. We conclude that defendant is not entitled to summary judgment as a matter of law and that material issues of fact exist which preclude summary judgment.

Plaintiff is a 56 year old woman who has been a lifelong resident of the Scottdale area. She is a longtime patron of the Scottdale Post Office where she maintains a post office box. On the day of the accident, plaintiff emerged from a parked car and proceeded along the sidewalk toward the United States Post Office. Plaintiff daily walked this same route to the Post Office. She was approached by another pedestrian, greeted him, and then fell to the ground injuring her left leg.

■ Defendant asserts that photographs purportedly taken on the day of the accident proves that the sidewalk was not in disrepair. Plaintiff's deposition testimony is to the contrary. This raises a material issue of fact as to defendant's negligence and precludes summary judgment on this point.

■ Defendant contends that undisputed facts establish that plaintiff was comparatively negligent to such a degree that her negligence exceeds the negligence of defendant and therefor she must be denied recovery. We disagree. Crossing a hazardous terrain does not alone prove negligence. *Morris v. A.&P. Tea Co.*, 384 Pa. 464, 121 A.2d 135 (1956). Inattention to known defects will constitute negligence only if it constitutes a failure to exercise due care. *Weitz v. Baurkot*, 267 Pa.Super. 471, 406 A.2d 1138 (1979). Although plaintiff was distracted by another pedestrian there is no conclusive evidence that she failed to exercise due care. Even if the facts would support such a conclusion, we would not venture to attempt to determine the percentage of her negligence as compared with that of the defendant. This is most assuredly the unique province of the finder of fact, to weigh the relative degrees of plaintiff's and defendant's negligence.

■ Defendant also contends that plaintiff as a matter of law assumed the risk of the danger presented by the sidewalk and is therefore barred from recovery. Assumption of the risk depends on the subjective state of mind of the individual. *Green v. Parisi*, 478 F.2d 313 (3d Cir. 1973). It is undisputed that plaintiff knew of the condition for over ten years, but continued to traverse that section of the sidewalk, and so defendant contends plaintiff assumed the risk. However, more than knowledge of the risk is required to sustain the defense of

assumption of the risk. The defense requires the voluntary and unreasonable encountering of a known danger. *Decorative Precast Stone Erectors, Inc. v. Bucyrus-Erie Co.,* 493 F.Supp. 555 (W.D.Pa.1980), *aff'd sub nom. Bucyrus-Erie v. J & L Steel Corp.,* 642 F.2d 440, 642 F.2d 441. This danger must "so outproportion the hardship of seeking ways out of it that the court should say it was folly for the guest to enter the danger zone at all." *Morris v. A.&P. Tea Co.,* 384 Pa. 464, 121 A.2d 135 (1956).[1] On the record as presented we are unable to make a conclusive determination of the reasonableness of plaintiff's conduct, and this disputed factual issue must be resolved by a factfinder.

Defendant relies on *Williams v. United States,* 507 F.Supp. 121 (E.D.Pa.1981) to support its position that this court can find as a matter of law that plaintiff assumed the risk. Plaintiff there fell while crossing a post office parking lot described as "a sheet of ice." Plaintiff had tried to cross this obvious hazard, during a freezing rain, by holding onto a parked car and taking small "shuffle" steps. Although the United States admitted it had failed to salt the lot, the court held that plaintiff's negligence was greater than the defendant's negligence. This case does not control our decision in the instant case however. The extreme nature of the facts in *Williams* is not present here and we cannot conclude that Mrs. Chlebowski's negligence was so great or her actions so unreasonable as to require judgment for defendant as a matter of law. There is a great difference of degree between crossing a broken pavement and crossing a sheet of ice in a freezing rain and we cannot conclude that as a matter of law the former is an unreasonable risk to assume. Rather we must leave the question of reasonableness to the factfinder.

A more apposite case would appear to be *Goudy v. Slassman,* 83 York 143 (Ct.Common Pleas, York Co. 1969). The plaintiff there had notice of the defective condition

of a concrete patio in a trailer park. For 6 months plaintiff crossed the patio without incident. In a non-jury trial, the court found that despite plaintiff's knowledge of the hazard and frequent encounters with the patio, her continued treks across the patio did not amount to assumption of the risk or contributory negligence. The undisputed facts which defendant relies on in the instant case are simply that plaintiff knew of the condition for some time and yet continued to traverse this portion of the pavement. Although trial may produce a different result, *see Greenbaum v. United States,* 366 F.Supp. 26 (E.D.Pa.1973), on this motion we must conclude that plaintiff is not barred from recovery as a matter of law.

■ Finally, defendant relies on the so-called "choice of paths" doctrine which, it asserts, bars plaintiff from recovery as a matter of law. The rule is that where there is a choice of two alternate paths to the same destination, one of which is safe and one which is hazardous, and the person chooses the latter and is injured, that person cannot recover as a matter of law. *Quinn v. Funk Bldg. Corp.,* 437 Pa. 268, 263 A.2d 458 (1970); *DeFonde v. Keystone Valley Coal Co.,* 386 Pa. 433, 126 A.2d 439 (1956); *McNello v. John B. Kelly Inc.,* 283 F.2d 96 (3d Cir. 1969). Defendant overlooks however what the above-cited cases make clear. The "choice of paths" doctrine is merely a form of contributory negligence. *See also, Parnell v. Taylor,* 266 Pa.Super. 74, 403 A.2d 100 (1979); *Downing v. Shaffer,* 246 Pa.Super. 512, 518, 371 A.2d 953 (1977). Contributory negligence has been abolished in Pennsylvania and a comparative negligence system installed in its place. 42 Pa.C.S.A. § 7102. For this reason, the choice of paths doctrine does not bar plaintiff's recovery.

For the foregoing reasons, defendant's motion for summary judgment will be denied.

---

1. Although the quoted section of the Court's opinion is directed to a defense of contributory negligence, it is also applicable to assumption of the risk. In the situation presented in *Morris* and the instant case, the defenses overlap.