**JO ANNA E. HOWELL, Plaintiff**

v.

**VIRGIN ISLANDS YACHT HARBOR, INC. d/b/a YACHT HA-VEN HOTEL, DAVID CARL TORRES, Individually, RON KLEMENS, Individually, TORRES AND KLEMENS, Partners d/b/a PANCHITA'S PATIO and JOE DOE, INC., Defendants**

Civil No. 1987/200

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 15, 1989

RHYS S. HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

MICHAEL J. SANFORD, ESQ. (LAW OFFICES OF JAMES L. HYMES, III), St. Thomas, V.I., *for defendant Virgin Islands Yacht Harbor, Inc., d/b/a Yacht Haven Hotel*

O'BRIEN, *Chief Judge*

## MEMORANDUM OPINION AND ORDER

The court herein is asked to consider a motion for summary judgment filed by defendant Virgin Islands Yacht Harbor, Inc. d/b/a Yacht Haven Hotel ("Yacht Haven") concerning plaintiff Jo Anna E. Howell's personal injury action. Yacht Haven asserts that Howell cannot prove the essential element of causation in her negligence action against Yacht Haven. Howell responds that the very existence of causation itself, should be considered to be a genuine issue of material fact and accordingly, summary judgment cannot lie against her. The court agrees with Howell for the following reasons.

### FACTS

This case stems from a "slip and fall" incident which took place while Howell was leaving Panchita's Patio Restaurant on the evening of July 20, 1985. The premises at Panchita's Patio were then owned by Yacht Haven Hotel and leased to David Torres and Ron Klemens, as individuals, and as partners doing business as Panchita's Patio.[1] Jo Anna Howell and three companions had visited Panchita's Patio that night for dinner, during which time there ensued a short rain storm.

It was not raining, however, when Howell and her companions sought to leave the restaurant. Howell states that she first waited for her companions to precede her as they descended the step separating the restaurant from an adjoining court-yard. However, as Howell descended the step, she fell and apparently landed on one knee. Her complaint indicates that she sustained considerable injuries.

Howell filed the instant complaint on April 8, 1987, asserting that her fall was caused by defendants' failure to provide hand railings, non-slid (sic) coating or rubber treads on the step, or adequate light-

---

[1] Howell's complaint against David Torres and Ron Klemens has yet to be answered by them in either an individual or partnership capacity. There is some evidence to believe that Messrs. Torres and Klemens have left St. Thomas on a permanent basis. Service was made by publication and no answer has been filed.

ing in that area. Yacht Haven Hotel answered and discovery has since taken place, consisting of interrogatories, document production and the plaintiff's deposition. Neither side has enlisted the assistance of expert witnesses.

## SUMMARY JUDGMENT STANDARD

■■ Fed. R. Civ. P. 56(c) provides that summary judgment may be entered

> after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); William S. Crow v. All American Holding Corp., No. 81-32, Slip op. at 3 (D.V.I. January 6, 1988). In a summary judgment motion, Yacht Haven, as the proponent, carries the initial burden of alerting the court that there are areas in the record which are lacking in a genuine issue of material fact. Celotex, 477 U.S. at 323. The burden then shifts to plaintiff Howell to establish for us specific facts which show that there indeed does exist a genuine issue for trial. Fed. R. Civ. P. 56(c); Gans v. Mundy, 762 F.2d 338, 342 (3d Cir. 1985). "There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

■■ We remain cognizant that when ruling on a motion for summary judgment, a court must view all inferences made, in the light most favorable to the non-moving party. Continental Ins. Co. v. Bodie, 682 F.2d 436, 438 (3d Cir. 1982). Any doubts are to be resolved in favor of the non-movant. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1977). We additionally note, that summary judgment is considered to be a drastic remedy and is proper in actions for negligence only "where the facts are undisputed and only one conclusion may reasonably be drawn from them." Gans, 762 F.2d at 341. Such is not the case in this proceeding.

## DISCUSSION

Yacht Haven premises its motion on statements made by Howell at deposition and in her answers to interrogatories wherein Yacht Haven interprets Howell's answers as indicating that she does not know

why or how she fell. Yacht Haven argues that Howell cannot prove the essential element of legal causation if she cannot establish why or how she fell and thus no genuine issue of material fact exists regarding causation.

Howell responds by stating that the issue of the existence of causation creates by itself a genuine issue of fact. She reviews for the court those factors present at Panchita's Patio which possibly contributed to or caused her fall, e.g., the lack of hand railings and other safety guards. Howell asserts that these conditions have a causal connection with her fall and the exact role of these conditions is a genuine issue which cannot be resolved through summary judgment. On a less convincing note, Howell also offers that there is still a possibility of finding several eyewitnesses to the incident.

To prevail on her cause of action, Howell must establish among other points, that Yacht Haven's failure to conform to a certain duty of care is a legal cause of Howell's subsequently suffered harm. See Restatement (Second) of Torts § 328A. Although Howell's opposition fails to offer *additional* specific facts which might show that a genuine issue of fact remains,[2] we find that the record nonetheless contains a genuine issue of material fact regarding causation.

■ Viewing the facts of this case in a light most favorable to Howell, the court finds it feasible that a wet tile floor and the absence of safety precautions could, either together or alone, cause or contribute to Howell's accident. Although Howell's factual allegations are certainly not dispositive regarding causation, the significance of their role in her accident is easily subject to more than one conclusion and thus provides sufficient material for consideration by a jury. Gans, 762 F.2d at 341. See also Buschman v. Halm, 798 F.2d 651, 657 (3d Cir. 1986) (In a negligence case where two conclusions may be reached on issue of causation, the issue must be left for the jury); Chlebowski v. United States, 548 F. Supp. 1221 (W.D. Pa. 1983) ("Slip and fall" incident on sidewalk. Issue of sidewalk's condition sent to jury); Accord Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir.

─────────

[2] See Fed. R. Civ. P. 56(e) which provides in part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial.

1988) (Truck driver injured in "slip and fall" accident on snowy platform. Issue of proximate cause sent to jury).

■ We note that Yacht Haven argues that Howell's case is weakened substantially by the apparent absence of eyewitnesses to the accident. Howell has suggested that she will need additional time in which to locate any such witnesses. The court doubts that Howell will be able to locate these witnesses, four years after the accident's occurrence and we will not look favorably upon a request for additional time in which to do so. However, this paucity of eyewitnesses is not determinative regarding causation.

Therefore, the premises considered and the court being fully advised,

IT IS ORDERED

THAT defendant Yacht Haven Hotel's motion for summary judgment is hereby DENIED.

