# Stoker, et al., Appellants, *v.* Philadelphia & Reading Railway Company.

*Practice, C. P. — Statements of claim — Joinder of causes of action—Demurrer—Waiver by plea.*

1. Where a plaintiff's declaration or statement contains several counts each setting forth an independent cause of action, the plaintiff may withdraw any of such counts upon the trial and go to the jury on the others.

2. Where a statement of claim in an action of trespass alleges a violation of the the acts of congress and also negligence at common law, the plaintiff is entitled to go to the jury if the allegations

of negligence at common law are supported by the evidence, although there be no evidence of a violation of the acts of congress.

3. When a statement of claim under the Practice Act of May 25, 1887, P. L. 271, sets forth inconsistent causes of action the objection should be raised by demurrer; and when defendant pleads to the statement he is deemed to have waived such objection.

*Negligence—Railroads—Master and servant—Railroad yard— Shifting cars at night—Absence of lights—Contributory negligence —Judgment for defendant n. o. v.*

4. In an action by an employee against a railroad company to recover damages for personal injuries sustained by being struck by a box car which was being shifted in defendant's yard late at night, as the result of the alleged negligence of the defendant in moving cars without lights or a brakeman upon them, judgment for the defendant was properly entered n. o. v., where it appeared that while plaintiff was crossing the yard in the course of his employment, he was struck at a point where there was neither a crossing nor path and where his presence could not have been anticipated; and that plaintiff could have seen the car at a considerable distance away had he paid proper attention to his surroundings.

Argued Feb. 15, 1916. Appeal, No. 413, Jan. T., 1916, by plaintiffs, from judgment of C. P. No. 4, Philadelphia Co., June T., 1912, No. 3300, for defendant n. o. v., in case of Edward B. Stoker, by his father and next friend Charles B. Stoker, and the said Charles B. Stoker in his own right, v. The Philadelphia & Reading Railway Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Edward B. Stoker, for $5,000, and for plaintiff, Charles B. Stoker, for $500. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was the entry of judgment for defendant n. o. v.

*Harry A. Mackey,* with him *Maurice V. Daniels,* for appellants.

*Wm. Clarke Mason,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

This was an action of trespass brought on behalf of Edward B. Stoker, a minor, by his father as next friend, and by the father individually, against the Philadelphia & Reading Railway Company to recover damages for injuries resulting to the minor while employed by the defendant company on March 20, 1912. He had at that time been employed for about one month, as an engine wiper in the round house. Upon the night in question he worked outside, with an engine hostler, until nearly daylight, when he was sent by the hostler on an errand to the round house. On his return plaintiff crossed a number of switch tracks, and as he was about to step upon another track he was struck by a box car that was being shifted, and was injured. In the statement of claim, defendant was charged with negligence in moving the cars without lights or a brakeman upon them. It was also averred that the brakes on the cars were not used or operated by the engineer of the locomotive shifting the train, which it was alleged was in violation of certain acts of congress, as supplemented by the order of the Interstate Commerce Commission of June 6, 1910. Negligence was also averred on the part of defendant, in not having a sufficient number of men in the crew, managing the cars that were being shifted, and in not promulgating and enforcing sufficient rules to govern the operation of shifting cars. It was finally averred that the negligence of which complaint was made, was in violation of the laws of Pennsylvania, and of the acts of congress. Upon the trial, there was no evidence tending to show that the plaintiff was at the time of the injury in any way engaged in interstate commerce, and his counsel abandoned that claim, and said that they did

not insist upon any liability under the Federal statutes, but would rely on the general relationship between master and servant. The trial judge refused points requesting binding instructions for defendant, and submitted the case to the jury, who found a verdict for the plaintiff. Upon motion of defendant's counsel, judgment was entered for defendant n. o. v. on the ground that plaintiffs had declared on an alleged liability under certain acts of congress regulating Interstate Commerce, but had failed to show either that the car which injured plaintiff was being used in interstate commerce, or that plaintiff himself was so engaged, at the time of the accident. The trial judge held that the averment that the acts and omissions of defendant, which were set forth as the cause of the accident, constituted negligence under the laws of Pennsylvania, was to be treated as surplusage, and as without effect. It is clear that the statement set forth primarily a cause of action under the United States statutes, to which it refers. But counsel for appellant contend that the averment of facts, which, if proven, constitute negligence at common law, coupled with the charge that such negligence was "contrary to laws of the State of Pennsylvania," sufficiently set forth a cause of action, and they aver that there was no reason why they could not abandon their claim under the Federal statutes, and still be entitled to recover under the common law as recognized in this State. We think the point is well taken, as an examination of the statement shows that, if all reference to interstate commerce and the acts of congress, should be stricken therefrom, there would still remain allegations of negligence on the part of defendant, which, if properly proven, would constitute a good cause of action at common law. Where plaintiff's declaration or statement contains several counts each setting forth an independent cause of action, the plaintiff may withdraw any of such counts upon the trial and go to the jury on the others: McIntire, et al., v. Westmoreland Coal Co., 118 Pa. 108; Smaltz v. J. B.

Hancock & Co., 118 Pa. 550; or the trial judge may withdraw them from the consideration of the jury: Erie City Iron Works v. Barber, et al., 118 Pa. 6, 19, and cases cited.

We do not regard the fact that the averments in the statement are not separated into formal counts as making any essential difference. By the Practice Act of May 25, 1887, P. L. 271, Section 3, it is provided that "the plaintiff's declaration......shall consist of·a concise statement of the plaintiff's demand." The statement in the present case complies with that requirement. If it is open to criticism for setting forth causes of action that are in any way inconsistent, that objection should have been raised by demurrer. Having pleaded to the statement, defendant must be held to have waived such an objection: Whitney v. Haskell, 216 Pa. 622; Burkholder v. Beetem, 65 Pa. 496.

In Missouri, Kan. & Tex. Ry. Co. v. Wulf, 226 U. S. 570, a question involving a similar principle arose. In that case the original petition alleged a cause of action based on a Kansas statute, which was recited. No reference was made to the Federal statutes. Subsequently, but after the statute of limitations had intervened, the petition was amended by adding an averment of liability under the acts of congress. The amended petition, after reciting the facts, averred (p. 573): "That by virtue of both the laws of the State of Kansas, where the said Fred S. Wulf was killed, and the acts of Congress of the United States of America, a right of action is provided for injuries resulting in death in the manner and form and in the occupation that deceased was engaged in at the time of his death." The Supreme Court of the United States held that it was not error to permit the petition to be amended, because it was unnecessary to refer specifically to the acts of congress, the facts averred being sufficient to disclose a cause of action under their provisions, and therefore recovery might have been had for the statutory liability under the original

petition, without the necessity of an amendment. Mr. Justice PITNEY said (p. 575): "It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of congress. But the court was presumed to be cognizant of the enactment of the Employers' Liability Act, and to know that with respect to the responsibility of interstate carriers by railroad to their employees injured in such commerce after its enactment it had the effect of superseding state laws upon the subject: Second Employers' Liability Cases, 223 U. S. 1, 53. Therefore the pleader was not required to refer to the Federal act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done.......The change was in form rather than in substance.......It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit."

In the case at bar, it was not necessary to amend, as the statement set forth facts which constituted a cause of action under the laws of Pennsylvania. And when the evidence failed to show that plaintiff was injured while engaged in Interstate Commerce, he was entitled to proceed under the state law, which is superseded by the Federal law only in cases where the parties are engaged in Interstate Commerce. In the case of Hench v. Penna. R. R. Co., 246 Pa. 1, cited by the court below, and by appellee, no claim was made under the common law or the State law. The only question decided was whether the evidence was sufficient to go to the jury on the question whether the plaintiff's husband was engaged in interstate commerce when killed. The negligence charged was failure to provide automatic couplers as required by the Act of Congress of March 2, 1893, 27 U. S. Stat. 531, c. 196. This would not constitute negligence under the common law. Mr. Justice ELKIN said (p. 4): "If the action had been brought at common law or for

the violation of a State statute, the question of the character of the commerce in which the decedent was engaged at the time of his injury would have been immaterial; but plaintiff elected to bring her suit under the acts of congress, as she clearly had the right to do, and thus assumed the burden of making out a case under the Federal statutes."

In the case at bar, the allegation in the statement is, not that defendant in its business of a common carrier is limited to interstate commerce, but it is definitely averred that defendant is in that business, "among others." This expression may fairly be taken as an intimation that its business includes other departments, such as intrastate commerce. And when the words are considered in connection with the allegation of facts which would constitute negligence under the laws of Pennsylvania, they are consistent with the suggestion of a cause of action under the State law. When, at the trial, all claim of right to recover under the Federal statutes was withdrawn, there remained in the statement, as we have found, enough to support a right of action under the State law.

Turning to the evidence, however, it is difficult to find therein anything sufficient to support the charge of negligence against defendant. The accident happened at a point in the railroad yards where there was neither crossing, nor path, and there is nothing to indicate that the presence of plaintiff upon the switch tracks at that point was to have been anticipated by the other employees, who were in charge of the switching operations. They had a right to presume that employees in the yard, familiar with the use of the tracks, would be on the lookout for moving cars. But if it be assumed that there was some slight evidence of want of care upon the part of defendant, sufficient to carry that question to the jury, yet the proof of contributory negligence upon the part of plaintiff was so clear, that the responsibility of dealing with it, was for the court. Plaintiff had crossed

nine tracks, and was struck by a moving car as he attempted to step upon the tenth track. His own testimony shows that he knew the danger, for he says that he stopped and looked and listened, when he was between the ninth and tenth tracks, and then stepped directly into the path of the oncoming car on the tenth track, or brought himself so near it, as to be struck, and thrown back on the ground between the ninth and tenth tracks. It is true that, the plaintiff by way of explanation said that owing to the fog and darkness, the range of his vision was limited to five or ten feet, but this was evidently conjecture as to the distance. The other witnesses, who were called to testify for plaintiff, said that the light was sufficient to enable them to see for a considerable distance, varying from one square or twenty car lengths to three squares. But giving to plaintiff the benefit of his own statement, standing, as he says he did, just prior to the accident, between the ninth and tenth tracks, the light must have been quite sufficient to show the presence of the car, when it was within a few feet of him, had he been paying proper attention to his surroundings, as he stepped forward and brought himself into direct contact with the car, to his serious injury.

We can see no escape from the conclusion that the plaintiff, Edward B. Stoker, was clearly guilty of contributory negligence in stepping directly into the path of an oncoming car, or in placing himself so near to it as to be injured thereby, and that if the trial judge had considered that question, he would have been in duty bound to so rule, as matter of law. The entry of judgment for defendant, non obstante veredicto was therefore, justified.

The assignment of error is overruled, and the judgment is affirmed.