621 A.2d 1212

**Keith HEINLY, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania; Robert M. Sharpe, State Police Commissioner; Capt. Robert G. Werts; Officer Q; Officer R; Officer S; Officer T; Officer U; Officer V; Officer W; Officer X; Officer Y; and Officer Z.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided Feb. 26, 1993.

600

602

Robert Pandaleon, for appellant.

William A. Slotter, Sr. Deputy Atty. Gen., for appellees.

Before COLINS and PELLEGRINI, JJ., and BLATT, Senior Judge.

PELLEGRINI, Judge.

Keith Heinly (Heinly) appeals from an order of the Court of Common Pleas of Northampton County (trial court) sustaining the preliminary objections in the nature of a demurrer filed by defendants Commonwealth of Pennsylvania (Commonwealth), State Police Commissioner Robert M. Sharpe (Sharpe), Captain Robert G. Werts (Werts) and ten unnamed state police officers (Unnamed Police Officers) (collectively referred to as "Defendants") resulting in the dismissal of his Complaint.

As alleged in Heinly's Complaint, on October 22, 1989, Heinly's brother shot and killed a woman and then hid in their father's home. Heinly cooperated with the state police in attempting to secure his brother's surrender. He also received a promise from the state police that they would not shoot his brother and would take every reasonable effort to capture his brother alive. While Heinly was in the house trying to talk his brother into surrendering, however, the Unnamed Police Officers fired on the house, wounding Heinly. Soon thereafter, Heinly and his brother left the house. As they did, his brother shot and killed himself and the state police arrested Heinly.

Heinly filed a three count Complaint against the Commonwealth, Sharpe, Werts and the ten Unnamed Police Officers for injuries he sustained when shot by those state police officers involved in the shootout. The first two counts involved allegations that Heinly's constitutional rights had been violated. Count One of the Complaint alleged that the Defendants, who were acting within the scope of their employment as state police officers, knew that Heinly was in the house attempting to talk his brother into surrendering, "intentionally, willfully, knowingly and recklessly" began firing gunshots into the home, injuring him (Complaint, Paragraphs 17–18) and, along with his arrest after his brother's suicide (Complaint, Paragraph 21), deprived him of his "constitutional rights to be free from excessive use of force, to be free from arrest without probable cause, and to be free from arrest without probable cause and due process of law." (Complaint, Paragraph 22).

Count Two of the Complaint was against Sharpe and Werts only. It alleged that the two "were responsible for the control, discipline and training of the Unnamed Police Officers and to provide [sic] specific controls to protect innocent bystanders in a hostage situation" (Complaint, Paragraph 28); that the failure of Sharpe and Werts to do so was done intentionally (Complaint, Paragraph 29); and that this failure to supervise and train was the proximate cause of his injury. Other than generally alleging that Heinly's constitutional rights had been violated, the Complaint fails to set forth specifically the exact violation or any other statutory authority for maintaining this action.

Count Three was against all the Defendants. Heinly asserted that the conduct of the Unnamed Police Officers was so reckless that it rose to the level of misconduct. This count then alleged that because the Unnamed Police Officers committed willful misconduct, that Section 8550 of the Judicial Code, 42 Pa.C.S. § 8550,[1] made the defense of governmental immunity unavailable.

1. Section 8550 of the Code provides:

■ The Commonwealth filed preliminary objections in the nature of a demurrer on behalf of all Defendants, claiming that Heinly failed to set forth any claim which fell within the waived categories of sovereign immunity and failed to state any cause of action on which relief could be granted. The trial court sustained the Defendants' preliminary objections as to all three counts. As to the claims in Count One and Two that Heinly's constitutional rights were violated, the trial court, citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), held that the Commonwealth and its officials and employees, acting in their official capacity, were immune from such claims.[2] The trial court also dismissed Count Three, holding that all Defendants were immune from such claims under Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522.[3] This appeal followed.

On appeal, the focus of all parties has shifted. Heinly has abandoned any argument that the trial court erred in dismissing Count Three containing the state tort claims on the basis that all the parties are immune by operation of the Sovereign Immunity Act. He has also dropped any argument that the Eleventh Amendment forecloses a Section 1983 action being brought against the Commonwealth. Instead, Heinly only contends that he has pled a cause of action cognizable under

> In any action against a *local agency or employee* thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and the act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8454 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply. (Emphasis added).

2. In *Will*, the Supreme Court held that the Eleventh Amendment to the United States Constitution shields states and state officials acting in their official capacity from Section 1983 actions.

3. A preliminary objection in the nature of a demurrer challenges the legal sufficiency of the complaint. *Simmons v. Township of Moon*, 144 Pa.Commonwealth Ct. 198, 601 A.2d 425 (1991). It admits as true all well-pled material and relevant facts. If the facts as pled state a claim for which relief may be granted under any theory of law, then the demurrer must be denied. *Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986). It is under this standard of review that we will analyze the facts at hand.

Section 1983 against all Defendants in Count One and against Werts and Sharpe in Count Two.

■ For their part, the Unnamed Police Officers recognize that they have no immunity from personal liability under Section 1983 because of the United States Supreme Court's decision in *Hafer v. Melo*, —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).[4] Instead, they argue that the Sovereign Immunity Act immunizes them from all liability because the conduct alleged in Heinly's Complaint does not fall within any of the exceptions to the Act. Moreover, even if they are not immune, the Unnamed Police Officers contend that Heinly has failed in either count to make sufficient averments that would give rise to a cause of action against them under Section 1983.[5]

## I.

■ The Unnamed Police Officers assert that even if Heinly's Complaint sets forth causes of action cognizable under

4. In *Hafer*, the Supreme Court held that state officials sued in their individual capacities are "persons" under Section 1983 and may be held liable for damages. In doing so, it disavowed any suggestion contained in *Will* that state officials could not be held personally liable for violation of protected rights taken in the course of their employment.

5. Even though the trial court cited *Will*, a Section 1983 case, as the basis for its dismissal of Heinly's Complaint, the Defendants contend that they were unaware that this action was brought under that provision because nowhere in the Complaint is Section 1983 even mentioned. For that reason, they contend that Heinly has not pled a Section 1983 cause of action, and the Complaint can be properly dismissed on that basis. Pennsylvania is a "fact pleading" jurisdiction under which courts are presumed to know the law, and plaintiffs need only plead facts constituting the cause of action, and the courts will take judicial notice of the statute involved. Accordingly, a plaintiff filing a complaint in the courts of this Commonwealth is not required to specify the legal theory or theories underlying the complaint. He or she may merely allege the material facts which form the basis of a cause of action. *Burnside v. Abbott Laboratories*, 351 Pa.Superior Ct. 264, 505 A.2d 973 (1985). If the facts as pled place a defendant on notice that the plaintiff will attempt to prove a defendant deprived him or her of a federally guaranteed right while acting under the color of state law, the mere failure to specifically plead Section 1983 will not doom the complaint. *See Stoker v. Philadelphia & Reading Rye Co.*, 254 Pa. 494, 99 A. 28 (1916) (state court may take judicial notice of federal law; reference to a specific federal statute unnecessary when facts are alleged sufficient to disclose a cause of action under the statute).

Section 1983, that action cannot be maintained against them because it is barred by operation of the Sovereign Immunity Act. Specifically, they contend that the conduct that Heinly alleges caused his injuries does not fall within any of the exceptions to sovereign immunity set forth in Section 8522(b) of the Judicial Code. 42 Pa.C.S. § 8522(b) (commonly known as the Sovereign Immunity Act). However, by making this contention, the Unnamed Police Officers fail to recognize that a state may not lessen the availability of Section 1983 by taking any action purportedly frustrating its application. In *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 2432, 110 L.Ed.2d 332 (1990), the United States Supreme Court disabused states of any notion that they or its courts could take any action that would alter the parameters of Section 1983. Commenting on *Howlett* in *Greenwich Township v. Murtagh,* 144 Pa.Commonwealth Ct. 624, 630, 601 A.2d 1352, 1355 (1992), *petition for allowance of appeal granted,* 530 Pa. 635, 606 A.2d 904, we stated:

> The Court in Howlett explained that the "federal law is enforceable in state courts . . . because the Constitution and laws passed pursuant to it are as much laws in the states as laws passed by the state legislature." [496 U.S. at 367] 110 S.Ct. at 2438. Expressing that state courts may not, except in rare circumstances, deny a federal right when the parties and controversy are properly before the state court, the Supreme Court found that the overriding federal interest requires that, "A state may not, by statute or common law, create a cause of action under Section 1983 . . .", nor may a state lessen the availability of a Section 1983 action. Id. at 2439, 2442. The Supreme Court held that in actions brought in state courts seeking to enforce federal law, "the rights of, and the defenses to, a federal cause of action are defined by federal law." Id. [at 375, 110 S.Ct.] at 2442.

Not only does *Howlett* set forth the role of state courts in enforcing Section 1983, it deals specifically with whether state courts can dismiss Section 1983 actions because the official's conduct is immune under sovereign immunity. In *Howlett,* a former high school student brought a Section 1983 action in

Florida courts against a school board and three officials, contending that they illegally had his car searched in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. Finding that the state officials' conduct was immune by operation of that state's Sovereign Immunity Act, depriving it of jurisdiction to hear the case, the trial court dismissed the action which was affirmed by the Florida Court of Appeals. 537 So.2d 706. Overruling, the Supreme Court held that the supremacy clause of the United States Constitution prevents a state from immunizing state actors from liability imposed under federal law, even when the suit to redress federal rights is brought in a state court where the state court declines to hear it because it lacks jurisdiction under state law. As to why state sovereign immunity laws or doctrine cannot foreclose Section 1983 actions brought in state courts, the Supreme Court reasoned:

Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. Section 1983 ... cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced.

496 U.S. at 376–77, 110 S.Ct. at 2443 (quoting *Martinez v. California*, 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980)). *See also Wade v. City of Pittsburgh*, 765 F.2d 405 (3d Cir.1985).

Because the Pennsylvania Sovereign Immunity Act does not immunize the Unnamed Police Officers from an action brought under a cause of action created under federal law, Heinly's Section 1983 action cannot be foreclosed merely because the conduct of the Unnamed Police Officers does not fall within any of the exceptions to immunity.

## II.

Even though the Sovereign Immunity Act does not foreclose Heinly from bringing this action, he still must plead sufficient

facts to raise a Section 1983 cause of action. To maintain an action under Section 1983, a plaintiff is required to allege that:

- a person or persons have deprived him or her of some cognizable federal right; and
- deprived him or her of that right while acting under color of state law.

*West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Urbanic v. Rosenfeld,* 150 Pa.Commonwealth Ct. 468, 479–80, 616 A.2d 46, 52 (1992).

Even though the federal courts have a notice system of pleading in civil rights cases, federal courts have required a plaintiff to plead the underlying facts with a specificity akin to the fact pleading required by Pa.R.C.P. 1019(a).[6] *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir.1976). Under fact pleading, "the complaint must apprise the defendant of the nature and extent of the plaintiff's claim so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare to meet such proof with his own evidence." *Weiss v. Equibank,* 313 Pa.Superior Ct. 446, 453, 460 A.2d 271, 274–275 (1983).

## A.

In Count One, Heinly alleged a deprivation of his constitutional rights to due process, to be free from excessive use of force, and to be free from arrest without probable cause because of the negligent conduct of the Unnamed Police Officers in shooting and arresting him. Heinly alleged that the deprivation was the result of the intentional conduct on the part of the Unnamed Police Officers, specifically, their shooting into the house knowing he was inside attempting to talk his brother into surrendering (Complaint, Paragraphs 17, 18), his arrest after his brother committed suicide (Complaint, Paragraph 21), and that this conduct occurred by persons acting within the scope of their state employment (Complaint,

6. Pa.R.C.P. 1019(a) requires that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

Paragraph 9).[7] While the Complaint does not specify the constitutional rights of which Heinly was deprived, the facts pled in the Complaint are sufficient to implicate federal rights guaranteed under the Fourth and Fourteenth Amendments to the Constitution. *See Patzig v. O'Neill,* 577 F.2d 841 (3d Cir.1978); *Brown v. Borough of Chambersburg,* 903 F.2d 274 (3d Cir.1990).

■ The Unnamed Police Officers contend that a valid cause of action was not set forth in Count One because the conduct alleged was not aimed at harming Heinly, but at getting his brother out of his home. Ignoring that contention is inapplicable to Heinly's claim that he was falsely arrested; it is well settled that there is no requirement under Section 1983 to show a specific intent to deprive a person of his or her federal rights, only that the "state actor's" conduct caused that result and harm resulted. *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *City of Los Angeles v. Heller,* 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

While this Complaint, including Count One, is not a model pleading and barely meets the minimal pleading requirements, its allegations are sufficient to make out a Section 1983 cause of action.[8]

## B.

■ Heinly alleges in Count Two that Sharpe and Werts violated his federally guaranteed rights by failing to properly

7. No facts are pled in Count One that would indicate that Sharpe or Werts were at the scene of the incident or directed Heinly's arrest. Consequently, a cause of action has not been made and their demurrer to Count One is sustained.

8. Defendants, in their brief, acknowledge a companion federal lawsuit filed at about the same time this action was filed in state court. Appellee's Brief at 14–15. While the federal pleadings are not part of the record before this court, the acknowledgement by the Defendants of a companion federal case arising from the same facts as those of the state case may provide sufficient additional notice to the Defendants of their exposure to Section 1983 liability based on the facts alleged in the pleadings before the state courts. *See Brower v. Wells,* 103 Wash.2d 96, 105–06, 690 P.2d 1144, 1150 (1984).

train, supervise and control the Unnamed Police Officers. An action can be maintained against a person employed by the government in their individual capacity seeking to impose personal liability where that supervisor's conduct was a proximate cause of the plaintiff's injury. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). A supervisor can be sued personally for failure to train or supervise an employee who causes a person to be deprived of his civil rights. *City of Oklahoma v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

■ However, when supervisorial liability is alleged, as here, a plaintiff is required to demonstrate a causal link between the misconduct complained of and the actions of the supervisory officials in order to state a cause of action under Section 1983 against those officials. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Scott v. Willis,* 116 Pa.Commonwealth Ct. 327, 543 A.2d 165 (1988). Conclusory allegations of failure to supervise and control, absent more, are insufficient to state a claim under Section 1983. "A plaintiff must be able to show that a police department supervisor had some specific knowledge of the unconstitutional conduct and intentionally acquiesced in this conduct by failing to establish proper procedures or by failing to train and supervise police officers adequately." *DiGiovanni v. City of Philadelphia,* 531 F.Supp. 141, 145 (E.D.Pa.1982).

Heinly made no such allegations against Sharpe and Werts. He merely asserted that Sharpe and Werts were directly responsible for the training and conduct of the Unnamed Police Officers, and their failure to do so resulted in his injuries. Accordingly, the dismissal of Count Two of the Complaint for failure to state a cause of action under Section 1983 against Sharpe and Werts was proper.

Accordingly, the decision of the trial court is affirmed in part, reversed in part, and remanded for further consideration in a manner consistent with this opinion.

## ORDER

AND NOW this 26th day of February, 1993, the order of the Court of Common Pleas of Northampton County, dated March 30, 1992, No. 1991–C–9044, is affirmed in part, reversed in part, and the case is remanded for further consideration in a manner consistent with this opinion.

Jurisdiction relinquished.