IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,  :
               Appellant  :
                              :
v.  : No. 792 C.D. 2020
                              : SUBMITTED: December 18, 2020
John Wetzel, Pennsylvania  :
Department of Corrections  :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                FILED: March 16, 2021

Dana Young (Appellant) appeals the May 5, 2020 order of the Schuylkill County Court of Common Pleas (Trial Court), through which the Trial Court dismissed Appellant's Complaint as frivolous pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure.[2]  The issue on appeal is whether Appellant set forth a valid cause of action in his Complaint.  For the following reasons we affirm the Trial Court's order, albeit on alternate grounds.

## I.     Background

On August 29, 2018, John Wetzel, Secretary of the Pennsylvania Department of Corrections (DOC), issued an order locking down the Commonwealth's prisons, restricting non-legal mail, and mandating staff wear personal protective equipment

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Pa. R.C.P. No. 240(j)(1) ("[T]he court prior to acting upon the petition may dismiss the action, proceeding or appeal if . . . it is satisfied that the action, proceeding or appeal is frivolous.").

when handling prisoners' legal mail.  DOC's Br. at 13.  Prior to the order, staff at multiple state correctional facilities were sickened by unknown substances, allegedly illicit drugs.[3]  *Id.* (citing Press Release, Dep't of Corr., Department of Corrections Orders Immediate Lock Down of All State Prisons (Aug. 29, 2018)).  One of the possible points of entry was prisoner mail.  *Id.*  DOC announced new safety protocols in a press release on September 5, 2018.  *Id.* at 13-14 (citing Press Release, Dep't of Corr., Governor Wolf Meets with Corrections Officers to Discuss Safety Concerns, Announce New Protocols (Sept. 5, 2018)).  These protocols established that "legal mail will be copied by [DOC] staff wearing protective clothing in the presence of inmates and original documents were placed in a secure bag and maintained for 15 business days."  *Id.*

On September 7, 2018, DOC circulated a letter to inmates informing them of the interim procedures for inmate legal mail.  Compl. ¶ 4.  Inmate legal mail would be opened and photocopied in the presence of the inmate.  *Id.* ¶ 6.  The inmate would receive the photocopy while the original would be securely stored.  *Id.*  After 15 days the original document would be securely destroyed.  *Id.*  These interim procedures have since changed according to a settlement agreement.  *See* DOC's Br. at 14 n.4 (citing *Hayes v. Wetzel*, Civ. A. No. 1:18:2100-JEJ-EBC (M.D. Pa. 2019)).

Appellant, an inmate at the State Correctional Institution – Mahanoy, filed a Complaint in the Trial Court on April 28, 2020, alleging that DOC "negligently and carelessly" developed an interim mail policy, which violated his "right to meaningful access to and confidential communication with the Superior Court," and seeking

---

[3] Multiple press releases were issued related to these exposure events.  They are available at the Department's website: *2018 Press Releases*, Pa. Dep't of Corr., https://www.cor.pa.gov/About%20Us/Newsroom/Pages/2018-Press-Releases.aspx (last visited March 15, 2021).

2

monetary damages in excess of $35,000. Compl. ¶¶ 1-3, 8, 13. Appellant filed his Complaint contemporaneously with an *in forma pauperis* petition.

The Trial Court dismissed Appellant's Complaint as frivolous on May 5, 2020, pursuant to Rule 240(j) of the Pennsylvania Rules of Civil Procedure. Trial Ct. Order, May 5, 2020. The Trial Court explained, "[t]he filings of [Appellant] appear to be complaints about prison conditions, and as such invoke matters solely within the jurisdiction of the prison authorities." *Id.* The Trial Court concluded his Complaint was premature, and thus, frivolous, because Appellant had failed to first seek relief through DOC's internal grievance process. This appeal followed.

## II. Parties' Arguments

On appeal,[4] Appellant asserts that the Trial Court improperly dismissed his cause of action as frivolous pursuant to Rule 240(j). Appellant claims that his Complaint sets forth a valid negligence claim against DOC and explains that his claim is not barred by sovereign immunity.[5] Appellant's Br. at 6-8. Additionally, Appellant argues that the interim policy violated his right to access the courts. *Id*. at 9.

DOC explains that while the Trial Court erroneously dismissed the Complaint for lack of jurisdiction, we should nonetheless affirm, because Appellant fails to state

---

[4] "Appellate review of a decision dismissing an action pursuant to Pa. R.C.P. No. 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[5] The Commonwealth has waived sovereign immunity by statute in specific instances "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action." 42 Pa. C.S. § 8522(a). One such instance is related to the "care, custody, or control of personal property in the possession or control of Commonwealth parties." *Id.* § 8522(b)(3). Appellant argues that his legal mail was in the custody, care, and control of DOC and his injury stems from DOC's negligently developed interim mail policy. Appellant's Br. at 7-8.

3

a claim in his Complaint. DOC's Br. at 10. DOC argues that Appellant failed to allege any actual injury arising from the DOC's conduct, and therefore, failed to state any claim. *Id.* at 13-15. Furthermore, DOC maintains that Appellant's claim is barred by sovereign immunity, because Appellant stated on his Complaint's cover sheet that he was pursuing an intentional tort-based action and, in addition, averred that DOC had acted intentionally. *Id.* at 12.

### III. Analysis

Initially, we note that the Trial Court erred by dismissing the Complaint for failure to exhaust administrative remedies. On the contrary, Appellant avers in his Complaint: "[Appellant] filed a formal grievance No. 764133 on October 8, 2018[,] and exhausted the appeal process to final review on November 13, 2018, with respect to claims raised herein." Compl. ¶ 9. When considering whether a cause of action is frivolous under Rule 240(j), averments in the complaint are accepted as true. *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997); *see also Scrip v. Seneca*, 191 A.3d 917, 923 (Pa. Cmwlth. 2018) ("In evaluating the legal sufficiency of the challenged pleading, we accept as true all well-pled, material, and relevant facts alleged and every inference that is fairly deducible therefrom."). Taking Appellant's averments as true, we conclude that he had exhausted his administrative remedies. *See Watson v. Pennsylvania Dep't of Corr.*, 990 A.2d 164, 167-68 (Pa. Cmwlth. 2010) (noting the Pennsylvania Prison Litigation Reform Act, 42 Pa. C.S. § 6602(e)(2), requires the prisoner plaintiff to plead exhaustion of administrative remedies). Dismissal on this ground was clearly erroneous, and the Trial Court offered no other grounds for dismissal.

Nevertheless, this error does not necessitate reversal. "[A]n appellate court may uphold an order of a lower court for any valid reason appearing from the

4

record." *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1200 (Pa. 2009). The Pennsylvania Rules of Civil Procedure allow an indigent party to petition for *in forma pauperis* status. Pa. R.C.P. No. 240(b). When a party files an action with a petition to proceed *in forma pauperis*, the court in which these are filed may dismiss the action *sua sponte* if the allegation of poverty is untrue or the action is frivolous. *Id*. 240(j)(1). "An [action] is frivolous if it lacks any arguable basis either in law or in fact." *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.5 (Pa. Cmwlth. 2015). In other words, "an action is frivolous [] if, on its face, it does not set forth a valid cause of action." *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015). However, "[w]here the elements to a cause of action are adequately set forth, a *pro se* complaint will not be dismissed just because it is not artfully drafted." *Williams v. Syed*, 782 A.2d 1090, 1095 (Pa. Cmwlth. 2001).

With this in mind, we look to Appellant's Complaint, in order to determine precisely what cause of action Appellant set forth therein, and whether he adequately averred all necessary elements of that cause of action.

In relevant part, Appellant averred in his Complaint:

> 4. [DOC] on September 7, 2018[,] circulated a letter to all inmates announcing that all inmate "Legal Correspondence" will be unaffected by the unsanctioned processing of regular correspondence. A copy of this letter is attached hereto as Exhibit "A."[6]
>
> 5. Inmate legal mail is governed by both DC ADM 803 and 37 Pa. Code § 93.2(c)(1).
>
> 6. [DOC's] September 7, 2018 letter then contradicts itself when it announces that inmate legal mail will be "opened

---

[6] The September 7, 2018 letter was not attached to the Complaint and is not included elsewhere in the record.

in the presence of the inmate . . . photocopied in the presence of the inmate, the photo will be provided to the inmate, then original will be sealed and securely stored in the presence of the inmate, and the original document will be securely destroyed after 15 business days.["7]

7. On October 5, 2018, [Appellant] was called to Program Services for Legal mail from the Superior Court which was opened in [his] presence, photocopied, and he was provided with the copy.

8. The originals were retained in violation of [Appellant's] right to meaningful access to and confidential communication with the Superior Court.

* * *

12. It was the duty of [DOC] to create policy regarding [Appellant's] personal property namely his legal mail placed in [its] care[,] custody and control and deliver it as received following inspection for contraband.

13. [DOC] [d]isregarded [its] duty by negligently and carelessly creating policy to alter [Appellant's] personal property, namely the aforementioned legal mail placed in [its] care[,] custody and control prior to its delivery.

14. As a result of this negligence [Appellant's] personal property, namely the aforementioned legal mail was altered from its original form.

Compl. ¶¶ 4-8, 12-14.

While the Complaint is not a model of clarity, we disagree with DOC that the mistake on the cover sheet or use of intentional actions makes Appellant's action an intentional tort barred by sovereign immunity. Nor do we read the Complaint as setting forth a negligence action. Courts look to the substance of the pleadings and

---

[7] Without the letter, we cannot verify the accuracy of this quoted portion.

6

are "presumed to know the law"; this is especially true in the context of a *pro se* litigant. *Heinly v. Commonwealth*, 621 A.2d 1212, 1215 n.5 (Pa. Cmwlth. 1993) (discussing a similar case where the prisoner plaintiff alleged constitutional violations under the form of tortious conduct); *see also Williams*, 782 A.2d at 1095 ("[A] *pro se* complaint will not be dismissed just because it is not artfully drafted.").

> Accordingly, a plaintiff filing a complaint in the courts of this Commonwealth is not required to specify the legal theory or theories underlying the complaint. He or she may merely allege the material facts which form the basis of a cause of action. *Burnside v. Abbott Labs.*, 505 A.2d 973, 980 (Pa. Super. 1985). If the facts as pled place a defendant on notice that the plaintiff will attempt to prove a defendant deprived him or her of a federally guaranteed right while acting under the color of state law, the mere failure to specifically plead Section 1983 [,42 U.S.C. § 1983,] will not doom the complaint. *See Stoker v. Philadelphia & Reading Rye Co.,* 99 A. 28, 29 (Pa. 1916) (state court may take judicial notice of federal law; reference to a specific federal statute unnecessary when facts are alleged sufficient to disclose a cause of action under the statute).

*Heinly*, 621 A.2d at 1215 n.5. Looking at the substance of the Complaint, Appellant's claim is essentially that his constitutional rights have been violated by the interim policy. While the Complaint is couched in terms of negligence, it is focused on the policy itself. In his Complaint, Appellant asserts that DOC "negligently and carelessly" created the interim policy, but it was ultimately the application of the interim policy which caused him harm. Compl. ¶¶ 8, 13.

Appellant appears to be asserting that the interim policy violated his constitutional right to meaningful access to the courts. The right to access the court is infringed when official acts "caused the loss or inadequate settlement of a

meritorious case . . . or the loss of an opportunity to seek some particular order of relief." *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). The basis for a prisoner's right to access the courts derives from multiple provisions in the United States Constitution. *See id.* at 415 n.12 (discussing, among others, the First Amendment's petition clause and the Fourteenth Amendment's equal protection and due process clauses as sources of prisoners' right to access the courts (citing U.S. Const. amends. I, XIV)). Additionally, the Pennsylvania Constitution expressly provides for the right to access the courts in Article I, Section 11. Pa. Const. art. I, § 11 ("All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay."). As such, the Complaint may be read to assert a violation of Appellant's right to access the courts under both the United States and Pennsylvania Constitutions. However, cases involving the prisoners' right to access to the courts under Article I, Section 11 have followed federal law. *See Bronson v. Horn*, 830 A.2d 1092, 1094-95 (Pa. Cmwlth. 2003) (applying federal case law), *aff'd*, 848 A.2d 917 (Pa. 2004); *Moss v. Pa. Dep't of Corr.*, 868 A.2d 615, 617-18 (Pa. Cmwlth. 2004) (same). Therefore, the analysis is the same under both federal and state law.

DOC correctly points out that in an access to courts claim the plaintiff must show actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). As such, the "plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim" that he lost the ability to pursue due to the alleged interference with his access to the courts. *Christopher*, 536 U.S. at 415. Appellant would have needed (1) to allege he had a nonfrivolous, arguable underlying claim, and (2) to describe how the interim policy frustrated his ability to pursue that claim. *Id.* ("Like any other element of an access

8

claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."); *Lewis*, 518 U.S. at 351 ("[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the [policy] hindered his efforts to pursue a legal claim."). Furthermore, Pennsylvania requires fact-pleading. *See* Pa. R.C.P. No. 1019(a) ("The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.").

While Appellant identified the mail at issue as "[l]egal mail from the Superior Court," Compl. ¶ 7, he does not identify specifically a nonfrivolous, arguable underlying claim. Nor he does offer any indication that his ability to pursue that claim was hampered by the interim policy. Although Appellant argues in his brief that *Jones v. Brown*, 461 F.3d 353, 360 (3d Cir. 2006), provides that "protection of an inmate's freedom to engage in protected communications is a constitutional end in itself," he nonetheless fails to demonstrate the extent to which the interim policy burdened his rights. Appellant's Br. at 8-9. Again, Appellant offers no facts or argument as to how the interim policy specifically harmed him or was not reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (discussing the constitutional standard for prison regulations as being reasonably related to legitimate penological interest). Therefore, he failed to state a viable access to courts claim under either the United States or Pennsylvania Constitutions.

## IV.  Conclusion

As discussed, the Trial Court erroneously dismissed this action; nonetheless, for the reasons discussed above, it remains that Appellant failed to state a valid claim in his Complaint.  Accordingly, we affirm the Trial Court, albeit on alternate grounds.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,                          :
                  Appellant        :
                               :
          v.                       :    No. 792 C.D. 2020
                               :
John Wetzel, Pennsylvania            :
Department of Corrections            :

## **O R D E R**

AND NOW, this 16th day of March, 2021, the May 5, 2020 order of the Schuylkill County Court of Common Pleas is hereby AFFIRMED on alternate grounds.

_____
ELLEN CEISLER, Judge