IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael C. Romig,            :
          Petitioner       :
                         :
        v.             :
                         :
Pennsylvania Department of    :
Corrections, Secretary Dr. Laurel  :
R. Harry, et al.,          :  No. 249 M.D. 2023
          Respondents    :  Submitted: February 3, 2026


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: March 19, 2026


Before this Court are the Pennsylvania Department of Corrections' (Department) and Department Secretary Dr. Laurel R. Harry's (Secretary) (collectively, Respondents) Preliminary Objections (Preliminary Objections) to Michael C. Romig's (Romig) *pro se* Amended Petition for Review in the nature of a complaint (Amended Petition). After review, this Court overrules Respondents' first Preliminary Objection, sustains Respondents' second Preliminary Objection, and dismisses the Amended Petition.

Romig is currently an inmate at the State Correctional Institution at Frackville.[1] On May 23, 2023, Romig filed a *pro se* Petition for Review in the nature of a complaint (Petition) generally challenging the Department's Inmate Mail and

---

[1] *See* https://inmatelocator.cor.pa.gov/#/Result (last visited Mar. 18, 2026).

Incoming Publications Policy, DC-ADM 803 (Policy 803),[2] as it relates to general mail and legal/privileged mail.

On June 21, 2023, Respondents filed preliminary objections to the Petition, asserting, *inter alia*, that the Petition lacked specificity. Romig filed an answer to the preliminary objections on July 13, 2023. On May 6, 2025, following submission of the parties' briefs, this Court held that the Petition was defective in that it lacked specific factual allegations describing the alleged Department action Romig challenged. Accordingly, this Court sustained Respondents' preliminary objection, dismissed the Petition without prejudice, and granted Romig 30 days to file an amended petition for review.

On June 2, 2025, Romig filed the Amended Petition in this Court's original jurisdiction. On June 11, 2025, Respondents filed the Preliminary Objections to the Amended Petition, therein averring that the Amended Petition lacks specificity and that Romig failed to state a claim for which relief may be granted (demurrer). On August 13, 2025, Respondents filed their brief in support of the Preliminary Objections. On September 19, 2025, Romig filed his brief in opposition to the Preliminary Objections.

Initially,

> "[i]n ruling on . . . preliminary objections, [this Court] must accept as true all well-pleaded material allegations in the petition for review" and any reasonable inferences that may be drawn from those averments. *Meier v. Maleski*, . . . 648 A.2d 595, 600 ([Pa. Cmwlth.] 1994). [This Court is] not, however, bound by legal conclusions,

---

[2] *See* https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last visited Mar. 18, 2026). Policy 803 generally requires all incoming non-privileged inmate mail be sent to the Department's contracted processing center (operated by Smart Communications in Florida) to be opened and scanned by processing center staff. The staff then forwards paper copies of the mail to inmates. In contrast, all incoming, privileged inmate mail must be sent to the inmate at the institution where the inmate is housed and must contain a Department issued control number.

expressions of opinion, unwarranted inferences from facts, or argumentative allegations. [This Court] may sustain preliminary objections only where the law makes clear that the petitioner cannot succeed on the claim, resolving any doubt in the petitioner's favor. "[This Court] review[s] preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong C[n]ty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

*Pa. AFL-CIO v. Commonwealth*, 219 A.3d 306, 313-14 (Pa. Cmwlth. 2019) (citations omitted).

Relative to Respondents' first Preliminary Objection, Respondents argue that the Amended Petition must be dismissed because it lacks the requisite specificity. This Court has explained:

[Pennsylvania Rule of Civil Procedure (Civil Rule)] 1028(a)(3) permits a preliminary objection based on insufficient specificity of a pleading. To determine if a pleading is sufficiently specific, a court must ascertain whether the facts alleged are sufficiently specific to enable a defendant to prepare his defense. <u>Preliminary objections in the nature of a motion for a more specific pleading raise the sole question of whether the pleading is sufficiently clear to enable the defendant to prepare a defense.</u> Further, in pleading its case, the complaint need not cite evidence but **only those facts necessary for the defendant to prepare a defense**.

*Hill v. Dep't of Corr.*, 271 A.3d 569, 578 (Pa. Cmwlth. 2022) (underline emphasis added) (quoting *Unified Sportsmen of Pa. v. Pa. Game Comm'n*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008) (bold emphasis added; citation omitted)).

3

Here, Romig alleges in the Amended Petition:[3]

On January 20[,] 2023[, Romig] received opened privileged mail that had been sent through Smart Communications [(Smart)] (as a result of en[]hanced measures of 2020 by the Department . . . [reflected in Policy 803]). The contents of the same was [sic] multiple transcripts and other legal documents relating to [Romig's] criminal conviction and ongoing appeals. This information was forced to be sent in this manner by the [D]epartment['']s enhanced 2020 measures thus violating the inmates [sic] Bill of Rights and U[nited] S[tates] [c]onstitutional [r]ights. Additionally[,] there have been numerous other incidents on other occa[s]ions as a result of these changes, where [Romig] believes it also [a]ffects others within the . . . [D]epartment . . . .

Amended Petition at 2, ¶4.

---

[3]  Importantly, "[t]he allegations of a *pro se* [petitioner] are held to a less stringent standard than that applied to pleadings filed by attorneys. If a fair reading of the [petition for review] shows that the [petitioner] has pleaded facts that may entitle [him] to relief, the preliminary objections will be overruled." *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004), *aff'd*, . . . 881 A.2d 1263 ([Pa.] 2005).

*Hill*, 271 A.3d at 578.

Romig further avers that he grieved Respondents' actions and exhausted the grievance process.[4]  In Grievance No. 1017998 (Grievance), which Romig attached to the Amended Petition,[5] Romig claimed:

> On January 20, 2023, I received opened mail at my cell that went through Smart [].  This method is for non-privileged mail, not documents pertaining to a current [l]egal litigation.  These type[s] of documents should be sent directly to the facility through privileged mail[.]  Smart [] should not accept these type[s] of documents.
>
> The mail in question was from Deputy Attorney General Gregory Simatic [(Deputy AG Simatic)], who is representing Respondents against this inmate[']s . . . writ of habeas corpus [(Habeas Corpus Action)], challenging

---

[4] Romig states in the Amended Petition that "[d]uring the grievance process, when [Romig] appealed to the [Department] Secretary's Office of Inmate Grievance and Appeals (SOIGA), the [D]epartment defaulted by failing to respond timely within 30 working days of the appeal." Amended Petition at 2, ¶5.  Department Policy DC-ADM 804 (Policy 804), Inmate Grievance System Procedures Manual, states: "The SOIGA will ensure that . . . an appeal to final review is responded to within 30 working days of receipt unless otherwise extended **and/or referred**[.]" Policy 804 at 2-7, https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/804%20Inmate%20Grievances.pdf (last visited Mar. 18, 2026).  However, Policy 804 also states:

> This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual.  This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department . . . .

*Id*. at 2.  Romig does not provide additional information regarding his SOIGA appeal, and this Court does not conclude that SOIGA's alleged failure to timely respond is a default.

[5]
> Courts reviewing preliminary objections may consider not only the facts pleaded in the [petition for review], but also documents or exhibits attached to the [petition for review], and based upon the averments and documentary support may address challenges to the legal sufficiency of the [petition for review].

*Diess v. Dep't of Transp.*, 935 A.2d 895, 903 (Pa. Cmwlth. 2007).

the reliability of the criminal conviction of which this inmate is being detained for.

Smart [] is cop[y]ing these documents violating the right to privacy, and causing delays that violate due process rights. This mail was sent December 30, 2022, where it was not received by [Romig] until January 20, 2023. This makes it impossible for [Romig] to reply to Respondents['] Answer within 21 days, per . . . Rules of Court.

For all of the above reasons[,] . . . [P]olicy [803] is unconstitutional, violating all inmates['] rights under the control of the Department . . . per [the United States] Constitution First[6] and Fourteenth Amendments.[7]

Amended Complaint, Attachment.

In the Amended Petition and Grievance, Romig sets forth concise and specific facts, alleging that, on January 20, 2023, he received mail from Deputy AG Simatic that had been opened before it reached him. He further asserts that because the mail related to ongoing litigation, it was privileged and should have remained unopened. In addition, Romig complains that the Department's policies caused his privileged mail to be improperly screened, thereby violating his constitutional right to privacy, and delaying receipt which impaired his ability to litigate his case, violating his due process rights. Such information is sufficient for Respondents to prepare a defense. Accordingly, this Court concludes that Romig's Amended Petition is sufficiently specific and overrules Respondents' first Preliminary Objection.

Concerning the second Preliminary Objection, Respondents contend that Romig failed to state a claim for which relief can be granted. Respondents specifically assert that Romig does not make any arguments in support of his

---

[6] U.S. CONST. amend. I.
[7] U.S. CONST. amend. XIV.

6

allegation as to how Policy 803 is in violation of the First or Fourteenth Amendments. Nonetheless,

> courts are presumed to know the law, and plaintiffs need only plead facts constituting the cause of action, and the courts will take judicial notice of the statute involved. Accordingly, a plaintiff filing a complaint in the courts of this Commonwealth is **not required to specify the legal theory or theories underlying the complaint**. He or she may merely allege the material facts which form the basis of a cause of action.

*Heinly v. Commonwealth*, 621 A.2d 1212, 1215 n.5 (Pa. Cmwlth. 1993) (emphasis added).

With respect to Romig's claim that the Department and/or Smart violated his right to privacy because Smart opened his incoming privileged correspondence, this Court observes that Romig identifies the opened mail as correspondence from *Respondents'* counsel, Deputy AG Simatic, regarding Romig's Habeas Corpus Action. Notably, Policy 803 defines *incoming privileged correspondence* as

> incoming inmate mail as described below:
>
> a. Mail <u>from an inmate's attorney</u> that is either hand-delivered to the facility by the attorney or delivered through the mail system. **This correspondence shall contain the attorney's issued** control number **and secondary authentication number**, **which was** issued to the sender by the Department's Office of Chief Counsel, **in order to be accepted**, **processed**, **and delivered to the inmate**.
>
> b. Mail from a court.
>
> c. Mail from an elected or appointed federal, state, or local official who has sought and obtained a control number issued by the Department's Office of Chief Counsel. **NOTE**: Not all correspondence between an inmate and elected or appointed federal, state, or local official will require privileged correspondence processing. Control

7

numbers will only be issued when the underlying matter involves matters related to a confidential investigation process or similar concerns.

Policy 803, Inmate Mail and Incoming Publications Procedures Manual, Glossary of Terms at 4 (underline emphasis added).

Romig does not allege in the Amended Petition that Deputy AG Simatic is or was Romig's attorney (and, in fact, acknowledges that Deputy AG Simatic is *opposing* counsel in the Habeas Corpus Action). Further, although Deputy AG Simatic may be an "elected or appointed federal, state, or local official[,]" Romig does not aver that Deputy AG Simatic "sought and obtained a control number issued by the Department's Office of Chief Counsel." *Id*. Therefore, the mail Romig received from Deputy AG Simatic was not *incoming privileged correspondence*. As Romig is aware, this Court has "held that the handling of non-privileged mail does not implicate a right to privacy." *Romig v. Wetzel*, 309 A.3d 1108, 1113 (Pa. Cmwlth. 2024), *aff'd*, 326 A.3d 849 (Pa. 2024), *cert. denied*, 145 S.Ct. 1969 (2025). Accordingly, Romig has failed to state a claim for a violation of his right to privacy.

Regarding Romig's claim that the Department has violated his due process rights by delaying his mail, Romig characterizes the Department's actions as interfering with his ability to respond to court filings and, thus, sounds in a claim for denial of access to the courts. This Court has found that "[i]nmates have a 'fundamental constitutional right of access to the courts.'" *Bussinger v. Dep[*'t*] of Corr[.]*, 29 A.3d 79, 84 (Pa. Cmwlth 2011) (quoting *Bronson v. Horn*, 830 A.2d 1092, 1095-96 (Pa. Cmwlth. 2003), *aff'd*, . . . 848 A.2d 917 (Pa. 2004), *cert. denied*, 543 U.S. 944 . . . (2004)).

> **[I]n order <u>to state a cognizable claim</u> for violation of the right to access to the courts, a prisoner must <u>allege and offer proof</u> that he suffered an "actual injury" to court access as a result of the denial**. *Oliver*

8

*v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). The [United States] Supreme Court has defined actual injury as the loss or rejection of **a nonfrivolous legal claim regarding the sentencing or the conditions of confinement**. *Lewis v. Casey*, 518 U.S. 343 . . . (1996).

*Hackett* [*v. Horn*,] 751 A.2d [272,] 275-76 [(Pa. Cmwlth. 2000)] (emphasis added) (quoting *Robinson v. Ridge*, 996 F. Supp. 447, 449 (E.D. Pa. 1997), *aff'd*, 175 F.3d 1011 (3d Cir. 1999)).

Recently, this Court explained:

While a prisoner's right to access the courts is derived from an express provision of the Pennsylvania Constitution and multiple provisions of the [United States] Constitution, the analysis under both federal and state law is the same. *See, e.g.*, *Bronson* . . . .

. . . .[A]t a minimum, [p]etitioner would have needed to (1) **allege he had a nonfrivolous**, **arguable underlying claim**, and (2) describe how the [p]olicy frustrated his ability to pursue that claim. *See Christopher v. Harbury*, 536 U.S. 403 . . . (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the [petition for review] sufficient to give fair notice to a defendant."); *see also Lewis*, 518 U.S. at 351 ("the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the [Policy] hindered his efforts to pursue a legal claim").

*Wishnefsky v. Pa. Dep't of Corr.*, (Pa. Cmwlth. No. 191 M.D. 2021, filed May 19, 2023), slip op. at 5-6 (emphasis added; footnotes omitted). Thus, "[**i**]**n order to survive dismissal of a complaint**, **a prisoner must describe an underlying claim <u>and explain why it possesses arguable merit</u>**." *Nifas v. Sroka* (Pa. Cmwlth. No. 422 C.D. 2016, filed July 29, 2016), slip op. at 7 (emphasis added). The

prisoner "must demonstrate '**that the 'arguable' nature of the underlying claim is more than hope**.' *Christopher* . . . , 536 U.S. [at] 416 . . . ." *Horan v. Newingham* (Pa. Cmwlth. No. 2622 C.D. 2015, filed Oct. 24, 2016), slip op. at 15 (emphasis added).

*Rytsar v. Overmyer*, (Pa. Cmwlth. No. 571 M.D. 2022, filed September 9, 2024), slip op. at 9-11 (footnotes omitted).[8]

Romig's Amended Petition does not describe any actual injury resulting from the delay in receiving his mail. Rather, he simply states in the Grievance that the Department's application of Policy 803 "ma[de] it impossible for [Romig] to reply to Respondents['] Answer within 21 days, per . . . Rules of Court." Amended Complaint, Attachment. However, he provides no further information about the underlying claim's substance or merit, or a resulting lost remedy. Therefore, Romig's Amended Petition fails to state a claim for which relief can be granted.

For all of the above reasons, Respondents' first Preliminary Objection is overruled, Respondents' second Preliminary Objection is sustained, and Romig's Amended Petition is dismissed.

_____
ANNE E. COVEY, Judge

---

[8] This Court's unreported memorandum opinions filed after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported cases cited herein are cited for their persuasive value.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael C. Romig,                :
            Petitioner        :
                          :
          v.                    :
                          :
Pennsylvania Department of     :
Corrections, Secretary Dr. Laurel  :
R. Harry, et al.,             :    No. 249 M.D. 2023
           Respondents    :

## O R D E R

AND NOW, this 19th day of March, 2026, the Pennsylvania Department of Corrections' (Department) and Department Secretary Dr. Laurel R. Harry's (collectively, Respondents) first Preliminary Objection is OVERRULED; Respondents' second Preliminary Objection is SUSTAINED; and Michael C. Romig's Amended Petition for Review is DISMISSED.

_____
ANNE E. COVEY, Judge